NOT DESIGNATED FOR PUBLICATION

No. 116,378

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLARENCE DANIEL HARTNELL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed June 29, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., STANDRIDGE, J., and RYAN W. ROSAUER, District Judge, assigned.


ROSAUER, J.: Clarence Hartnell appeals the denial of his motion to file an appeal out of time because the district court failed to instruct him about his appellate rights. The State concedes the court failed to instruct Hartnell about his appellate rights. Nevertheless, the State argues Hartnell's appeal should fail because he had actual knowledge about his appellate rights and chose not to timely act on those rights. Because the State proved Hartnell had actual knowledge, this court affirms the district court's denial of his motion to file his appeal out of time.

1

Originally charged with attempted first-degree murder, rape, aggravated kidnapping, and criminal threat, Hartnell entered into a plea agreement where he pled guilty to aggravated kidnapping and attempted rape. The plea agreement also included a provision where both parties would recommend Hartnell serve the aggravated number in the appropriate grid box. The plea agreement Hartnell signed noted that he had 14 days from the date of sentencing to appeal, but the plea agreement mentioned nothing about his right to appointed appellate counsel.

On April 1, 2015, the district court sentenced Hartnell in accordance with his plea agreement. During sentencing, the court informed Hartnell he had "the right to appeal the Court's sentence, any illegal sentence. You have up to 14 days to do that." The district court did not tell Hartnell he had the right to appointed defense counsel.

Thirteen months later, Hartnell's mother filed a notice of appeal on his behalf. She filed a second notice a few weeks later. The district court then appointed appellate counsel. Hartnell docketed his appeal with this court, but we remanded to the district court to determine whether the court should allow Hartnell to file a notice of appeal pursuant to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). Hartnell asserted to the district court the basis for his motion to appeal out of time was that the court inadequately informed him about his appellate rights at sentencing.

The district court held an *Ortiz* hearing where Hartnell testified. He stated his defense attorney did not tell him about his appellate rights, either orally or in writing. He also testified he did not know how to file an appeal, but that he had wanted to appeal since the sentencing date. He also stated he did not know how to contact his defense counsel. He told the court he tried to file an appeal after he arrived at the Lansing Correctional Facility, but the paperwork got lost in the mail.

2

The state cross-examined Hartnell. He stated no one told him about his appellate rights during four prior juvenile adjudications. He admitted he never told his defense counsel he wanted to appeal. He also said he never told the district court he wanted to appeal during the sentencing hearing. He said he did tell his mother and friend he wanted to appeal, but he never told them to tell his defense counsel. He also admitted he knew his defense counsel had the ability to file an appeal for him as his appointed counsel. Critically to the court's denial of his motion, Hartnell testified he knew he had the right to appeal, that he had 14 days to do so, and that his defense counsel would be the person who would file the appeal on his behalf. Hartnell also testified that he knew he wanted to appeal when he walked into the courtroom for sentencing.

Hartnell's defense counsel also testified at the *Ortiz* hearing. She testified she had reviewed the plea agreement with him line by line. She also informed Hartnell the various ways he could get in contact with her from jail. She said Hartnell never informed her he wanted to appeal at sentencing. Had he done so, she testified she would have filed the notice of appeal. She testified Hartnell's mother never informed her that Hartnell wanted to appeal. On cross, defense counsel testified her notes did not specifically indicate she advised Hartnell about the statutory time to appeal or that the court would appoint appellate counsel for him. She also stated she did not send Hartnell a letter informing him about his appellate rights.

Finally, Hartnell's mother testified at the *Ortiz* hearing. She said she did not know how to file an appeal and had to spend a lot of time researching how to. She also testified she would have contacted defense counsel had she known defense counsel would file the appeal.

The district court took the matter under advisement, and it ultimately denied Hartnell's motion to allow him to file an appeal out of time. The court found Hartnell had

3

actual knowledge that he had the right to appeal, the deadline by which he had to file his notice of appeal, and that his defense counsel would be the one to file the notice of appeal. The court further found that despite having that knowledge, Hartnell allowed the time to lapse. Hartnell appealed the district court's denial of his motion to this court.

ANALYSIS

In accordance with K.S.A. 2017 Supp. 22-3608(c), a defendant has 14 days after the district court's judgment on sentence to notice the matter for appeal. For a notice of appeal filed after the 14 days, the general rule is to dismiss for lack of jurisdiction. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Under *Ortiz*, a defendant can file out of time when: (1) the defendant was not told about his right to appeal, (2) the court did not furnish the defendant an attorney to pursue the appeal, or (3) when a furnished attorney failed to perfect the appeal. See *Ortiz*, 230 Kan. at 735-36. Hartnell argues the first prong of *Ortiz* applies to his case. Thus, the district court should have let him file his appeal out of time.

In 2008, the Kansas Supreme Court issued its holding in *State v. Patton*, 287 Kan. 200, 195 P.3d 753 (2008). *Patton* summarized post-*Ortiz* cases to that point. Summarizing all the cases, *Patton* noted *Ortiz* did not "endow criminal defendants with any additional constitutional rights," "impose affirmative duties on counsel or the court," nor "set up new requirements that must be met to prevent a late appeal." *Patton*, 287 Kan. at 217. Patton noted, "[a]rguments based on any of these approaches twist its intention and application." *Patton*, 287 Kan. at 217. *Patton* then stated the *Ortiz* exceptions were to capture "truly exceptional circumstances" and then went on to emphasize its use of the word "exceptional." *Patton*, 287 Kan. at 217.

*Patton* went on to discuss in detail the first *Ortiz* exception upon which Hartnell builds his argument. Summarized, *Patton* requires sentencing judges to inform

4

defendants about their right to appeal, the applicable time limit for that appeal, and, if the defendant is indigent like Hartnell, that the court would appoint an attorney to take the appeal. *Patton*, 287 Kan. at 220. If the defendant proves the court failed to inform him about these matters, the State bears the burden of showing the defendant had "actual knowledge" of those rights. *Patton*, 287 Kan. at 221-22. If the State fails to prove actual knowledge, then the burden shifts back to the defendant to prove he would have sought a timely appeal. *Patton*, 287 Kan. at 222.

The record indicates the State met its burden to prove actual knowledge. The district court found such in its oral findings. The court found Hartnell knew he had 14 days from the judgment of sentence to file a notice of appeal, knew his defense counsel was appointed and that she would be the one to file the notice of appeal, chose to not contact his attorney from jail because he did not like law enforcement, did not inform his mother about his desire to appeal until long after the time limit's expiration, and that no one on behalf of Hartnell had indicated to defense counsel he wanted to appeal. The record supports the district court's factual findings.

Because the State proved Hartnell had actual knowledge about his appellate rights, this court affirms the district court.